# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES R. ORREN,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0269** (BOR Appeal No. 2049848)
(Claim No. 2009091937)

**MAGNUM COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James R. Orren, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Magnum Coal Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a September 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 6, 2013, decision granting Mr. Orren a 3% permanent partial disability award for his right ankle. The Office of Judges granted Mr. Orren an additional 2% award for a total of a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Orren worked as an underground coal miner for Magnum Coal Company. On May 3, 2009, Mr. Orren injured his right knee and right ankle when his leg was caught on the scoop of a fork lift. He was treated at St. Francis Hospital where he was diagnosed with an acute fracture of the right ankle. The claims administrator held the claim compensable for a closed fracture of the medial malleolus of the right ankle and a contusion of the knee. Mr. Orren was placed in a cast and received several months of physical therapy under this claim.

1

Following this period of treatment, Paul Bachwitt, M.D., evaluated Mr. Orren and determined that he had similar range of motion in both his right and left knees. Dr. Bachwitt, however, found that Mr. Orren had 1% whole person impairment for loss of range of motion related to his right ankle fracture under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Based on Dr. Bachwitt's evaluation, the claims administrator granted Mr. Orren a 1% permanent partial disability award. After this decision, Bruce A. Guberman, M.D., evaluated Mr. Orren. He found that Mr. Orren had normal range of motion in his right knee, but he determined that Mr. Orren had 4% impairment for loss of range of motion in his right ankle. Saghir R. Mir, M.D., also evaluated Mr. Orren. He determined that Mr. Orren had no symptoms in his right knee but had aching and throbbing in his right ankle. He determined that Mr. Orren's right knee contusion had completely healed. He found that Mr. Orren had 3% whole person impairment related to his right ankle. The Office of Judges then reversed the claims administrator's decision and granted Mr. Orren an additional 2% permanent partial disability award above the 1% award granted by the claims administrator's decision. The Office of Judges granted Mr. Orren a total of a 3% permanent partial disability award.

Dr. Guberman then evaluated Mr. Orren a second time. He found that Mr. Orren started working as a dispatcher for Magnum Coal Company because it was a less strenuous job. Mr. Orren reported to Dr. Guberman that his symptoms had gotten worse and that he experienced periodic swelling in his ankle two to three times a week. Dr. Guberman found that Mr. Orren had reached his maximum degree of medical improvement and that he now had 5% impairment for loss of range of motion in his right ankle. He also found that Mr. Orren had 5% impairment for varus deformity of the right ankle. Dr. Guberman believed that Mr. Orren had no impairment related to his right knee. However, he combined the impairment for his ankle and varus deformity and found that Mr. Orren had a total of 10% impairment. Following this evaluation, Mr. Orren submitted an application to reopen his claim for an additional permanent partial disability award.

Prasadarao B. Mukkamala, M.D., then evaluated Mr. Orren. Although Dr. Mukkamala noted that Mr. Orren complained that the pain in his ankle forced him to walk on the outside of his foot, he determined that Mr. Orren only had 1% whole person impairment for loss of range of motion due to his ankle injury. He also found that Mr. Orren had no impairment due to his right knee. Based on Dr. Mukkamala's evaluation, on September 6, 2013, the claims administrator granted Mr. Orren no additional permanent partial disability award above the previously granted 3% award for his right ankle. Robert B. Walker, M.D., also evaluated Mr. Orren and determined that he had 5% whole person impairment related to loss of range of motion in his right ankle. Dr. Walker found that Mr. Orren also had 5% whole person impairment for loss of range of motion in his right knee. Combining the rating for the loss of range of motion in his right ankle and right knee, Dr. Walker found that Mr. Orren had 10% impairment related to his compensable injury. On September 26, 2014, the Office of Judges reversed the claims administrator's decision and granted Mr. Orren an additional 2% permanent partial disability award for a total of a 5% award for his right ankle. The Board of Review affirmed the Order of the Office of Judges on February 25, 2015, leading Mr. Orren to appeal.

The Office of Judges concluded that Mr. Orren sustained 5% whole person impairment related to his right ankle injury which entitled him to an additional 2% permanent partial disability award. The Office of Judges based this determination on Dr. Guberman's and Dr. Walker's calculation of the loss of range of motion in Mr. Orren's right ankle. The Office of Judges determined that Dr. Guberman's and Dr. Walker's right ankle range of motion testing was more persuasive than the impairment recommendations of Dr. Bachwitt, Dr. Mir, and Dr. Mukkamala, particularly considering that the evidence in the record showed that Mr. Orren's ankle injury had progressed. The Office of Judges, however, did not adopt the impairment recommendation of Dr. Guberman related to varus deformity or of Dr. Walker related to the right knee. The Office of Judges determined that these ratings were not corroborated by the evidence in the record, including the remainder of the evaluations in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Orren argues that he is entitled to an additional 5% permanent partial disability above the 5% award granted by the Office of Judges. Mr. Orren asserts that the Office of Judges should have adopted Dr. Guberman's entire whole person impairment recommendation including the 5% impairment he found related to varus deformity.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Orren has presented sufficient evidence that he is entitled to an additional 2% permanent partial disability award above the 3% award he was previously granted. However, he has not demonstrated that he is entitled to an additional 5% permanent partial disability award above the 5% award granted by the Office of Judges. The evidence in the record, including the notation in Dr. Mukkamala's evaluation indicating that Mr. Orren has modified his gait to reduce his pain, shows that his ankle injury has progressed and that he is entitled to an additional permanent partial disability award above the 3% award he was previously granted. Because the range of motion testing of Mr. Orren's ankle conducted by Dr. Mukkamala and Dr. Walker entitled him an increase in his permanent partial disability award, the Office of Judges was within its discretion in adopting this portion of their evaluations. The Office of Judges also provided sufficient reasons for not granting Mr. Orren an additional permanent partial disability award based on Dr. Guberman's assessment of his varus deformity or Dr. Walker's assessment of his right knee impairment. The impairment Dr. Guberman and Dr. Walker calculated for these conditions was not reflected in the remainder of the evidence in the record, and the Office of Judges properly disregarded their recommendations.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II